Jerry L. TYLON, Plaintiff–Appellant,

v.

Richard C. KLOAK, Defendant–Appellee.

No. 03–3313.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 2004.*

Decided April 1, 2004.

---

* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

512

Jerry Tylon, Chicago, IL, pro se.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Jerry Tylon sued his criminal defense attorney, Richard Kloak, for malpractice that allegedly occurred during his representation of Tylon on state criminal charges. Before Kloak had responded, the district court dismissed Tylon's complaint for lack of subject matter jurisdiction, *see* Fed.R.Civ.P. 12(b)(1), after finding that there was no federal statute that could conceivably support a cause of action based on the allegations in Tylon's complaint. After the case was dismissed, Tylon submitted a motion to reconsider under Fed.R.Civ.P. 59(e), arguing that his complaint stated claims both for malpractice and for a conspiracy under 42 U.S.C. § 1985 between Tylon and the prosecutor. The court reaffirmed its earlier ruling and denied the motion, and Tylon appeals.

Tylon challenges the sua sponte dismissal of his complaint, repeating his allegations that Kloak committed malpractice and conspired with the prosecutor in his criminal case to violate his constitutional rights. A federal district court must dismiss a complaint if the complaint does not state a basis for federal jurisdiction, or the alleged jurisdictional basis is made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Smith v. Am. Gen. Life and Ins. Co.,* 337 F.3d 888, 895 (7th Cir.2003); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Following this principle, the district court correctly dismissed Tylon's complaint and rejected his motion to reopen because there was no basis for federal jurisdiction. Tylon sued his private criminal defense attorney for malpractice, a cause of action arising under state law, *see Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), and the parties are not diverse. When his complaint was dismissed, Tylon attempted to establish jurisdiction by alleging that his attorney and the state prosecutor "conspired" to deprive him of his constitutional rights. This allegation of a "conspiracy" is wholly insubstantial, made only to invoke federal jurisdiction, and the district court correctly concluded that it did not affect its decision to dismiss the complaint for lack of subject matter jurisdiction. *See Lovern v. Edwards,* 190 F.3d 648, 655–56 (4th Cir.1999) (affirming dismissal of plaintiff's federal claims, including claim of conspiracy, as wholly insubstantial pretext for raising state law claims in federal court).

AFFIRMED.